Garry WILLIAMS *v.* STATE of Arkansas

CR 88-188                                         766 S.W.2d 931

Supreme Court of Arkansas
Opinion delivered March 27, 1989

318

*John Wesley Hall*, for petitioner.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner Garry Williams was convicted of rape, kidnapping, burglary, and two counts of second degree battery. He was sentenced to twenty years for rape and to five years for each of the other crimes, all to be served concurrently.

He appealed the rape conviction, arguing that there was insufficient evidence of rape. The Arkansas Court of Appeals affirmed without reaching the issue since the petitioner's attorney had failed to raise the sufficiency of the evidence at trial. *Williams* v. *State*, 24 Ark. App. 118, 748 S.W.2d 355 (1988). The petitioner now seeks permission to proceed in circuit court for post-conviction relief pursuant to Rule 37.

The petitioner claims that his attorney was ineffective for not making a motion for a directed verdict with respect to the rape charge and one of the battery charges. The evidence showed that the petitioner, who had at one time dated the victim, broke into the victim's apartment, carrying with him an ice pick, screwdrivers, and a stun gun. The victim woke with stabbing pains from the stun gun which felt like electric shocks. According to the petitioner's testimony, a voice told him to kill the victim, and he counted her ribs so that he could insert the ice pick exactly where the voice directed. When he placed the ice pick in the chosen point on the victim, the voice told him not to proceed. According to the victim, the petitioner inserted his fingers in her vagina during the attack. The attack left the victim with numerous abrasions, burns, and marks on her body.

The petitioner was convicted of rape in that he engaged in deviate sexual activity with the victim. *See* Ark. Code Ann. § 5-14-103 (1987) [Ark. Stat. Ann. § 41-1803 (Repl. 1977)]. He was also convicted of the second degree battery of the victim in that he caused physical injury to her by means of a deadly weapon. *See* Ark. Code Ann. § 5-13-202(a)(2) (1987) [Ark. Stat. Ann. § 41-1602(1)(b) (Repl. 1977)]. The other conviction for battery arose out of injury the petitioner inflicted on the victim's eight-month-old son.

The petitioner argues that although there was evidence that he inserted his fingers into the victim's vagina, there was no evidence that he did so for sexual gratification as required by the statutory definition of deviate sexual activity. Ark. Code Ann. § 5-14-101(1)(B) (1987) [Ark. Stat. Ann. § 41-1801(1)(b) (Repl. 1977)] states: " 'Deviate sexual activity' means any act of sexual gratification involving: . . . (B) The penetration, however slight, of the vagina or anus of one person by any body member or foreign instrument manipulated by another person." The petitioner also

claims that he assaulted the victim with a stun gun and that there was no evidence that a stun gun is a deadly weapon as required by the second degree battery statute.

■■ The petitioner's arguments are attacks on the sufficiency of the evidence and are not cognizable under Rule 37 because they are direct, rather than collateral, challenges to the conviction which should be made at trial and on direct appeal. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983). Nor may a petitioner circumvent this rule by alleging that his counsel was ineffective for failing to raise the sufficiency of the evidence. *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). Rule 37 is a narrow remedy designed to prevent wrongful incarceration under a sentence so flawed as to be void. *Long* v. *State*, 294 Ark. 362, 742 S.W.2d 942 (1988). The dissent would have us ignore the rule in order to answer a collateral attack to correct what it perceives to be a "catch 22." That view misconstrues the scope of the remedy since Rule 37 does not provide such an option.

■ The only instance in which we would consider the sufficiency of the evidence within the purview of Rule 37 is when there is absolutely no evidence whatsoever to support the conviction; in such a case the conviction would be void. When we review a conviction on appeal, it is in a light most favorable to the appellee, and we affirm if there is substantial evidence. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Substantial evidence means that the jury could have reached its conclusion without having to resort to speculation or conjecture. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981). In a Rule 37 petition, however, if a petitioner alleges that there is no evidence, we consider whether the conviction is supported by any evidence, however slight, not whether the evidence is sufficient. *See Thompson* v. *Louisville*, 362 U.S. 199 (1960). Where there is no evidence whatsoever, a conviction could not stand because a conviction under such circumstances would violate due process. *See Gregory* v. *Chicago*, 394 U.S. 111 (1969). This "no evidence" rule protects an accused from a wholly arbitrary deprivation of liberty. *Jackson* v. *Virginia*, 443 U.S. 307 (1979).

■■ In the petitioner's case there is evidence to support both convictions. Although there is no direct evidence that the petitioner put his fingers in the victim's vagina for sexual

gratification, it may be assumed that the desire for sexual gratification was the plausible reason rather than out of revenge or out of anger as the petitioner suggests. The plain fact is that when persons, other than physicians or other persons for legitimate medical reasons, insert something in another person's vagina or anus, it is not necessary that the state provide direct proof that the act was done for sexual gratification. With respect to the second degree battery charge, the petitioner admitted holding an ice pick next to the victim's body and using a stun gun to shock her. The victim did not know what was being used to produce the pains and cuts on her body. The fact that the petitioner was carrying an ice pick, clearly a deadly weapon, and admittedly held it to the victim's body, is sufficient to find that the conviction for battery was supported by some evidence.

Petition denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The United States Constitution requires that an accused be convicted only upon evidence which goes beyond a reasonable doubt. The Constitution further requires that an accused be furnished effective assistance of counsel. In the present case the issue of the sufficiency of the evidence to support a conviction for rape was not brought to the attention of the trial court. It was the duty of defense counsel to have done so. The Court of Appeals did not reach the issue due to the defense attorney's failure to question the sufficiency before the trial court. In the present decision this court does not reach the issue—this time on the basis that there is no constitutional right to a post-conviction proceeding.

Even though the opinion pretends not to reach the issue of the sufficiency of the evidence, the majority points out in much detail the evidence to support the verdict without allowing petitioner to challenge the sufficiency of the evidence. What is the purpose of reciting the facts if we are not going to review them? It seems to me that the opinion is doing exactly what it states cannot be done in this case. The opinion states that "there is evidence to support both convictions." What do these words mean if they do not mean the evidence was sufficient to sustain the conviction? Likewise, the ineffective assistance claim is evaded by holding that it cannot be included in a claim challenging the sufficiency of

the evidence. A claim of ineffective assistance of counsel usually cannot be made until after trial. The vast majority of our Rule 37 petitions claim ineffective assistance of counsel.

The petitioner is consequently denied a hearing on the merits of either issue. We ought not to cover up the denial of a constitutional right under the guise that there is no constitutional right to a post-conviction proceeding. We should allow the petitioner to argue the ineffective assistance issue to the trial court pursuant to his Rule 37 petition as that is the normal procedure. After all, he has already been denied a direct appeal concerning the sufficiency of the evidence. This is a real "Catch 22." The opinion appears to have ruled on both issues without considering the merits of either.

Not one court—not the trial court, not the Court of Appeals, nor this court—has directly addressed the issue of whether petitioner's rape conviction was supported by evidence proving the state's case beyond a reasonable doubt. Not one court has reached the issue of ineffective assistance of counsel on its merits. I believe that the petitioner has been denied due process of law. I would grant the petition for Rule 37 relief and allow him to proceed in the trial court.