Donald Ray HOOKS *v.* STATE of Arkansas

CR 90-68                                    795 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered September 17, 1990

*William R. Simpson, Jr.*, Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Andy O. Shaw*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. Donald Ray Hooks was convicted of delivery of Dilaudid, a controlled substance. The jury considered the appellant's status as an habitual offender and sentenced him to life in prison. On appeal, Hooks argues that the evidence was not sufficient to convict him, either as a principal or an accomplice, and that the court erred in instructing the jury on accomplice liability. Finding no error, we affirm.

In determining whether there is sufficient evidence to support a verdict, we review the evidence in the light most favorable to the appellee, considering only that evidence which tends to support a guilty verdict. *Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989). We set out the following facts in light of this standard.

The appellant was arrested as part of an undercover operation conducted by the narcotics division of the Little Rock Police Department. Patrolman James King was assigned to drive around the area of 30th and Wolfe Streets in Little Rock. As King was driving, he was flagged down by a man named Michael Ray Mitchell. Standing with Mitchell was the appellant. Both men walked toward Officer King's car, but the appellant stopped on the corner while Mitchell walked directly up to King. King informed Mitchell that he wanted to purchase Dilaudid pills. Mitchell said, "Drive around the corner, I will be back with you in a minute." As King drove away, he saw Mitchell walk back and make contact with the appellant, and the two men began walking together.

After circling the block, King was flagged down again by Mitchell. Once again, Mitchell and the appellant were walking together. The appellant stopped short of coming up to King's vehicle, but Mitchell did approach the vehicle and handed King two pills. The pills were later positively identified by the State Crime Lab as Dilaudid. King paid for the pills with three $20 bills, the serial numbers of which had been previously recorded. As King drove away, he saw Mitchell and the appellant exchange "high fives."

King radioed a description of both men to other narcotics officers who were in the area. Two officers spotted Mitchell and the appellant at the corner of 30th and Wolfe. The officers identified themselves as policemen. Mitchell was apprehended immediately, but the appellant turned and fled. He was caught after being chased a half a block. Officers found $20 of the "buy" money in Mitchell's possession; the other $40 was found in the appellant's left front pocket.

The issue is whether this evidence is sufficient to convict the appellant of delivery of a controlled substance, either as a principal or an accomplice. Evidence is sufficient to support a conviction if it is substantial, meaning the jury could have reached its conclusion without resort to speculation or conjecture. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983). Much of the evidence against the appellant is circumstantial, but circumstantial evidence is sufficient to constitute substantial evidence. *Hurvey* v. *State*, 298 Ark. 289, 766 S.W.2d 926 (1989). We find there is sufficient evidence in this case from which the jury could have determined the appellant was an accomplice in the illegal transaction.

An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, advises or aids another person in committing the offense. Ark. Code Ann. § 5-2-403 (1987). Presence of the accused in the proximity of a crime, opportunity, and association with a person involved in the crime in a manner suggestive of joint participation are relevant facts in determining the connection of an accomplice with the crime. *Redman* v. *State*, 265 Ark. 774, 580 S.W.2d 945 (1979). Many factors in this case suggest joint participation of the appellant and Michael Ray Mitchell in the drug transaction. The

fact that Mitchell asked Officer King to drive around the block, walked back to the appellant, then provided the drugs when the officer returned, suggests that Mitchell either consulted with the appellant about the transaction or actually obtained the drugs from him. The exchange of "high-fives" between Mitchell and the appellant is evidence that the two had successfully completed a common venture. The appellant, when approached by police, fled to elude capture, which we have said is relevant in corroboration of evidence tending to establish guilt. *Yedrysek* v. *State*, 293 Ark. 541, 739 S.W.2d 672 (1987). Finally, when the appellant was apprehended shortly after the sale occurred, he was in possession of $40 of the "buy" money.

The appellant claims there are inconsistencies in the evidence. Officer King's report, which was written up by another officer, did not mention the "high-fives" or that the appellant had been standing with Mitchell when he first saw them. There was also testimony from Mitchell that he had given the appellant the $40 in repayment of a loan. Where the testimony is conflicting, we do not pass upon the credibility of the witnesses. Credibility of the witnesses and the weight to be given testimony are matters for the jury. *Brown* v. *State, supra.*

As there was sufficient evidence to support the appellant's conviction as an accomplice, there was no error in instructing the jury on accomplice liability.

Pursuant to Supreme Court Rule 11(f), an examination of the record has been made and no other errors prejudicial to the appellant were found.

Affirmed.