No. 89–7631.   PARKER v. ARKANSAS.   Sup. Ct. Ark.   Certiorari denied.

JUSTICE MARSHALL, dissenting.

It is well established "that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient" to support conviction.   *Burks* v. *United States,* 437 U. S. 1, 18 (1978).   Nonetheless, the Arkansas Supreme Court concluded in this case that reversal for failure to prove an essential element of one statutory formulation of capital murder poses no bar to reprosecution under another statutory formulation of the same offense, because the State's decision to prosecute a defendant under the "wrong" murder statute is mere "trial error."   Because I believe that this conclusion reflects a profound misreading of our double jeopardy precedents, I would grant the petition.

I

Petitioner was twice tried, convicted, and sentenced to death for murdering James and Sandra Warren.   He was initially convicted for felony murder on the theory that he had murdered the Warrens while burglarizing their home.   The Arkansas Supreme Court reversed.[1]   See *Parker* v. *State,* 292 Ark. 421, 731 S. W. 2d 756 (1987) *(Parker I).*   Reviewing the statutory elements of felony murder, the court concluded that the State's felony-murder statute "cannot be read to encompass the facts of this case."   *Id.,* at 425, 731 S. W. 2d, at 758.   The Arkansas capital felony-murder statute requires the State to prove that the defendant caused the death of another "in the course of and in furtherance of the [underlying] felony."   Ark. Code Ann. § 5–10–101(a)(1) (1987 and Supp. 1989).   "The state's proof," the court explained, "showed that [petitioner] followed Mr. Warren into the house for only one purpose—to commit the murders of the Warrens."   *Parker I,* 292 Ark., at 425, 731 S. W. 2d, at 758.   "The killings were obviously a form of criminal homicide of some degree, but they were not 'in

---

[1] The court affirmed petitioner's convictions for numerous other offenses, including attempted first-degree murder, burglary, kidnaping, and attempted capital murder, for which he was sentenced to life plus 130 years' imprisonment.   These convictions are not at issue in the instant petition.

the course of and in furtherance of' the [charged] burglary as required to be capital felony murder." *Ibid.* The court noted that, under these facts, the State should have prosecuted Parker for ordinary capital murder rather than felony capital murder. *Id.*, at 425–426, 731 S. W. 2d, at 758.

Taking this last observation as an invitation to retry Parker, the State subsequently prosecuted Parker for "caus[ing] the death of two . . . or more persons in the course of the same criminal episode." Ark. Code Ann. § 5–10–101(a)(3) (1987). On appeal, the Arkansas Supreme Court rejected petitioner's contention that his reprosecution was barred by the Double Jeopardy Clause and affirmed petitioner's conviction. See *Parker* v. *State,* 300 Ark. 360, 779 S. W. 2d 156 (1989) *(Parker II).* Reviewing its disposition in *Parker I,* the court concluded that it had reversed petitioner's original conviction not because the evidence was insufficient, but because the State had committed the "trial error" of "charging and trying [petitioner] under the wrong capital murder provision." *Parker II, supra,* at 363–364, 779 S. W. 2d, at 157. Consequently, the court held, its decision in *Parker I* posed no double jeopardy bar to reprosecuting petitioner under the applicable provision of the Arkansas capital murder statute. *Parker II, supra,* at 363–364, 779 S. W. 2d, at 157–158.[2]

## II

Our precedents recognize that the Double Jeopardy Clause bars reprosecution following reversal for insufficiency of the evidence but not following reversal for trial error. *Burks, supra,* at 15–17; accord, *Lockhart* v. *Nelson,* 488 U. S. 33, 39 (1988). The question posed by this petition is whether the original conviction of

[2] The petition for certiorari was not timely filed under this Court's Rule 13, which requires that a petition be filed within 90 days of the entry of judgment by a state court of last resort. However, the time requirements of our Rules are not jurisdictional in criminal cases and may be waived by the Court "in the exercise of its discretion when the ends of justice so require." *Schacht* v. *United States,* 398 U. S. 58, 64 (1970); see *Sanabria* v. *United States,* 437 U. S. 54, 62, n. 12 (1978). In this case, petitioner's court-appointed counsel was relieved immediately following the affirmance of his second conviction, and there appears to be some question whether petitioner knowingly and competently waived his right to seek further review. In light of these circumstances, and in light of the manifest conflict between the decision of the Arkansas Supreme Court and this Court's precedents on the effect of reversal for insufficient evidence, I would waive the time requirements of Rule 13.

petitioner under the "wrong" capital murder statute was "trial error" in the sense in which our decisions have used that term.[3]

We discussed the difference between insufficiency of the evidence and trial error in *Burks* v. *United States, supra.* Reversal of a conviction is based on insufficiency of evidence, we explained, when the basis of the appellate court's disposition is the State's "failure of proof at trial." *Id.,* at 16; accord, *Hudson* v. *Louisiana,* 450 U. S. 40, 43 (1981). Reversal for trial error—"incorrect receipt or rejection of evidence, incorrect instructions, . . . prosecutorial misconduct" or the like—"does not constitute a decision . . . that the government has *failed to prove its case*," but only "that a defendant has been convicted through a judicial *process* which is defective." *Burks* v. *United States,* 437 U. S., at 15 (emphasis added).

Under these principles, there should be no serious question that petitioner's conviction in *Parker I* was reversed for insufficiency of the evidence, not trial error. Based on "the facts of th[e] case," and on the "state's proof," the Arkansas Supreme Court concluded that the murders with which petitioner had been charged "were not [committed] 'in the course of and in furtherance of' the [charged] burglary." 292 Ark., at 425, 731 S. W. 2d, at 758. Even respondent thus concedes that petitioner's conviction was reversed because the State "failed to prove its case" with regard to an essential element of Arkansas' capital felony-murder statute. Brief in Opposition 3 ("According to the Court's opinion, the State adequately proved burglary and murder, *but failed to prove* that the murders were committed during the course of or in furtherance of the burglary" (emphasis added)).

---

[3] The Arkansas Supreme Court in *Parker II* did not hold, and the respondent does not now argue, that petitioner's prosecution for "causing the death of two or more persons in a single criminal episode" was a *different offense* for double jeopardy purposes from the offense of capital felony murder for which petitioner was originally convicted. Such a contention would be hard to sustain, for the State clearly reproved the *conduct* for which petitioner was originally convicted—breaking into the Warrens' home and killing them—in order to establish essential elements of the offense of causing the death of two or more persons in a single criminal episode. See *Grady* v. *Corbin,* 495 U. S. 508 (1990). In other words, if *Parker I* did indeed reverse petitioner's felony-murder conviction for insufficient evidence, the State would not be free to prosecute petitioner for the same offense by merely charging him under a different statute, which is apparently what took place here.

In my view, the preclusive effect of this determination cannot be avoided by characterizing as "trial error" the State's decision to prosecute petitioner under the "wrong" capital murder statute. Such a ruling, under these circumstances, amounts to the proposition that it is trial error to prosecute a defendant under a statute for which the State does not have enough evidence to convict, a semantic sleight of hand that deprives the distinction between "trial error" and "evidentiary insufficiency" of any meaning. The unmistakable teaching of our double jeopardy jurisprudence is that the State may *not* avail itself of a second trial to remedy its mistake when it prosecutes a defendant for an offense that it is unable to prove. See, *e. g.*, *Burks* v. *United States, supra*, at 11 ("The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding").

The apparent source of the Arkansas Supreme Court's confusion on this issue was its misreading of this Court's decision in *Montana* v. *Hall*, 481 U. S. 400 (1987) *(per curiam)*. In *Hall*, the defendant's original conviction for incest had been reversed on the ground that the state incest statute had not been in effect on the date of the charged criminal act. When the State subsequently charged the defendant under the state sexual assault statute, the State Supreme Court ruled that the reprosecution was barred under the Double Jeopardy Clause. This Court reversed. Characterizing the initial prosecution of the defendant under "the wrong statute" as "a defect in the charging instrument," the Court held that reversal on that basis did not bar reprosecution under the applicable sexual assault statute, *id.*, at 404, which the State Supreme Court had determined to be comprised of the same elements as the state incest statute, *id.*, at 402. Respondent argues that in this case, too, the decision to prosecute petitioner for felony murder "was[,] in effect, a deficiency in the charging instrument" that should not bar reprosecution under a different murder statute. Brief in Opposition 5.

In my view, the reasoning in *Hall* is wholly inapposite to this case. In *Hall*, the Court concluded that the State had prosecuted the defendant under the "wrong" statute not because the State *could not prove* that the defendant had violated the state incest statute, but because that statute was *legally inapplicable* to the defendant's conduct; indeed, this Court stressed that "[t]here [was] no suggestion" in the decision reversing the defendant's

original conviction "that the evidence introduced at trial was insufficient to convict [for incest]." 481 U. S., at 403. In this case, the "inapplicability" of the capital felony-murder statute to petitioner's conduct was *factual*, not legal.

The suggestion in *Hall* that the defendant's conviction had been reversed because of a "a deficiency in the charging instrument" is also unavailing in this case. This was an appropriate characterization of the State's decision in *Hall* to charge the defendant under the incest statute instead of the (legally identical) sexual assault statute, because the inapplicability of the incest statute would have required the *dismissal* of the State's information had this challenge been properly raised by pretrial motion. In contrast, the grounds for reversal of petitioner's original conviction was the failure of the State's proof *at trial;* nothing in the Arkansas Supreme Court's opinion in *Parker I* indicates that the capital felony-murder count against petitioner was legally deficient *as charged.*

I would grant the petition in order to clarify the limited implications of *Hall*'s suggestion that prosecution under the "wrong" statute can be trial error for purposes of the Double Jeopardy Clause. Consequently, I dissent.

### III

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would also grant the petition for certiorari and vacate the death sentence in this case.