John McGALLIARD *v.* STATE of Arkansas

CR 91-147 813 S.W.2d 768

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*William R. Simpson, Jr.*, Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellant.

*Ron Fields*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, John McGalliard, was convicted of sexual abuse in the first degree and sentenced to seven years imprisonment and a $2,000 fine.

On appeal, he argues that the Arkansas Criminal Code's

definition of "sexual contact" is unconstitutionally vague and that there was insufficient evidence to support the verdict. We disagree with both arguments and affirm.

The evidence of abuse in this case came primarily from the testimony of the victim, who stated that McGalliard touched her "between my legs . . . (indicating) right there in the middle . . . my private parts." She stated that the touching occurred for "about an hour" and that "if I told, he would beat me black and blue."

Because the victim was a nine year old minor, McGalliard was charged with violation of Ark. Code Ann. § 5-14-108(a)(3) (1987), which provides:

> (a) A person commits sexual abuse in the first degree if:
>
> * * * *
>
> (3) Being eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old.

"Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(8) (1987). McGalliard contends that because "sexual gratification" is not defined, the statute does not give fair warning of what behavior is prohibited and, therefore, violates the due process clause of both the Arkansas and the United States Constitution.

A law is void for vagueness if it lacks ascertainable standards of guilt such that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). We fail to see how section 5-14-101(8) compels such persons to guess at its meaning and application.

"Sexual" is defined in *Webster's Third International Dictionary*, unabridged (1961), as "of or relating to the male or female sexes or their distinctive organs or functions" or "of or relating to the sphere of behavior associated with libidinal gratification." "Gratification" is defined as "something that

pleases." *Id.* When construed in accordance with their reasonable and commonly accepted meaning, and in context with the specific acts described in section 5-14-101(8), the words leave no doubt as to what behavior is prohibited under the statute.

 Furthermore, we are guided by our rationale in *Williams* v. *State*, 298 Ark. 317, 766 S.W.2d 931 (1989). There, Williams was convicted of rape in that he engaged in deviate sexual activity with the victim. The code's definition of "deviate sexual activity" also includes acts involving "sexual gratification". Williams argued that although there was evidence he inserted his fingers into the victim's vagina, there was no evidence he did so for "sexual gratification" as required by the statutory definition of "deviate sexual activity." We reasoned thusly:

> Although there is no direct evidence that the petitioner put his fingers in the victim's vagina for sexual gratification, it may be assumed that the desire for sexual gratification was the plausible reason rather than out of revenge or out of anger as the petitioner suggests. The plain fact is that when persons, other than physicians or other persons for legitimate medical reasons, insert something in another person's vagina or anus, it is not necessary that the state provide direct proof that the act was done for sexual gratification.

298 Ark. 320, 766 S.W.2d at 934. Likewise, we may assume that McGalliard touched the victim for sexual gratification and it is not necessary that the State prove that he was so motivated.

McGalliard's second contention, that the evidence was insufficient to support the verdict, is also without merit. The trial court noted that McGalliard raised this objection through timely motions for directed verdict. On appeal, we view the evidence in the light most favorable to the party against whom the motion is made and a directed verdict is only proper when there is no substantial evidence from which a jury could possibly find for the non-moving party. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986); *see also Prince* v. *State*, 304 Ark. 692, 805 S.W.2d 46 (1991).

 The victim clearly described and indicated where she was touched. The victim's testimony need not be corroborated to be sufficient. *Jackson* v. *State, supra.* Also, "even though the

child may not use the correct terms for the body part but instead uses her own terms, or demonstrates a knowledge of what and where those body parts referred to are, that will be sufficient to allow the jury to believe that the act occurred." 290 Ark. at 385, 720 S.W.2d at 287.

We affirm the judgment of conviction.