Grady HOLBERT *v.* STATE of Arkansas

CR 91-252 826 S.W.2d 284

Supreme Court of Arkansas
Opinion delivered March 23, 1992

*Joe Kelly Hardin,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Grady Holbert, appeals three of five convictions for sexual abuse in the first degree on grounds of insufficient evidence. The appeal is meritless, and we affirm.

The appellant, age fifty-eight, operated a day-care center with his wife for a period of time which included June 20, 1990, to September 25, 1990. During these three months, he was charged with committing five counts of sexual abuse against five victims, all of whom were children below the age of fourteen who were kept at the day-care center. As part of the investigation, the appellant was questioned by Chief David R. Hooks of the Sheridan Police Department on September 26, 1990. Prior to the questioning, the appellant waived his Miranda rights.

During the interrogation by Chief Hooks, the appellant admitted fondling victim A, age eight, and putting his hand in her pants, touching her vagina, and laying on top of her and rubbing his penis against her. He also admitted touching victim B, age three, "on top of her panties" and "on her vagina." The appellant then asked for an attorney which rendered the balance of his statement inadmissible.

With regards to victims A and B, two other girls, ages nine and seven, who attended the day-care center and were also victims, testified that they saw him hold the girls with one hand and touch them between the legs with the other. They denied that the touching was accidental. One of the girl witnesses also testified that the appellant touched victim C, who was also three years old, in the same way.

The appellant was tried by jury on July 30, 1991, and found guilty of all five counts of sexual abuse. He was sentenced to ten years on each count, to run consecutively for a total sentence of fifty years.

Sexual abuse in the first degree is defined by statute:

> (a) A person commits sexual abuse in the first degree if: . . . (3) Being eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old.

Ark. Code Ann. § 5-14-108(a)(3) (1987). Sexual contact is further defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(8) (1987). The appellant argues that the evidence is insufficient to support the convictions, but we disagree.

■ Substantial evidence, whether direct or circumstantial, must be of sufficient force that it compels a conclusion with reasonable and material certainty. *Prince* v. *State*, 304 Ark. 692, 805 S.W. 2d 46 (1991). In deciding whether there is substantial evidence to support the verdict, we review the evidence in the light most favorable to the appellee, and we need only consider the evidence that supports the verdict of guilt. *Prince* v. *State, supra.* Evidence is substantial to support a conviction if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Salley* v. *State*, 303 Ark. 278, 796 S.W. 2d 335 (1990).

■ With respect to victims A and B, the appellant admitted conduct that constitutes a violation of the statute. In the case of victim C, an eyewitness testified that she saw the appellant "hold her with one hand and grab her between the legs with the other

hand." She had previously described that the area touched in the case of all three victims was "their privates." Such evidence relating to the victims easily qualifies as substantial enough to support the conviction.

■ The appellant also contends that no evidence was presented of sexual gratification. We have recently held that we may assume that the appellant had sexual contact with the victim for sexual gratification, and that it is not necessary for the state to prove that he was so motivated. *McGalliard* v. *State*, 306 Ark. 181, 813 S.W.2d 768 (1991); *Williams* v. *State*, 298 Ark. 317, 766 S.W.2d 931 (1989). We, likewise, hold that the same assumption of sexual gratification may be made in this case, and evidence of that fact is not required.

Affirmed.