Barron BATES, et al. *v.* Perry MIKLES III, et al.

92-276                                                          832 S.W.2d 225

Supreme Court of Arkansas
Opinion delivered June 8, 1992
[Rehearing denied July 13, 1992.]

*Witt Law Firm, P.C.*, by: *Ernie Witt*, for appellant.

DONALD L. CORBIN, Justice. On November 6, 1990, the Southern Judicial District of Logan County, Arkansas, held a

local option election in which the electorate could vote either "for" or "against" the manufacture and sale of intoxicating liquors. The Southern District voted against the manufacture and sale of intoxicating liquors, and the Board of Election Commissioners of Logan County certified the election result.

On November 19, 1990, appellant Bates and other plaintiffs filed an election contest in Logan County Circuit Court, Southern District, challenging the legality of the local option election and the election's result. The plaintiffs first alleged that the election was illegal because it was not a countywide election. Plaintiffs further alleged that the election was illegal because Susan Hixson, a member of the election commission, worked as an administrative assistant to a county judge and was ineligible to serve as an election commissioner. The circuit court mandated the election, and we affirm.

■ The legality of a county subdivision's local option election depends on the countywide liquor law in effect at the time of the local option election. Once an entire county has voted to be "dry," no portion of the county may hold an independent local option election. Ark. Code Ann. §§ 3-8-305(a)(2) (1987); 3-8-307 (1987); *Tabor* v. *O'Dell*, 212 Ark. 902, 208 S.W.2d 430 (1948); *Denniston* v. *Riddell*, 210 Ark. 1039, 199 S.W.2d 308 (1947). However, in a "wet" county, an enumerated subdivision of the county may vote itself "dry," and only a subsequent vote by that subdivision can affect the status of the subdivision's liquor law. Ark. Code Ann. § 3-8-305(a)(3) (1987).

In this case, we do not address the merits of appellants' argument concerning the absence of a countywide vote on the liquor issue because appellants failed to establish the status of Logan County's liquor law at the time of the Southern Judicial District's local option election. Appellants' complaint alleged that Logan County was a "moist" county in November 1990, permitting only the sale and manufacture of beer and light wine. The election commission's answer denied the paragraph in appellants' complaint containing the allegation of Logan County's liquor law, and no proof of the county's liquor law was offered at trial.

Appellants assert in their reply brief that the trial court took judicial notice of the fact that Logan County was "dry" with

exceptions for the manufacture and sale of beer and light wine. However, the record reflects no such finding by the trial court. Rather, the transcript indicates that the trial court itself was confused about the status of Logan County's liquor laws prior to the 1990 local option election. In addressing appellants' argument on this point, the trial court relied on its own prior decision in a Logan County case. While discussing the prior case, the court stated, "In that particular case, as I recall, the countywide sale of liquor was contrary to the laws, well contrary to the laws at that time, . . . *Apparently, it was the impression of the Court at that time* that Logan County had prohibited the countywide sale of liquor, *however that's interpreted.*" (Emphasis added.) The court later refused to void the local option election of 1990 with language erroneously suggesting that the geographic size of the voting electorate (the Southern Judicial District) was dispositive of the election's legality.

■■ We affirm the ruling of the trial court because it achieved the correct result regardless of its reasoning. *Young* v. *State*, 308 Ark. 647, 826 S.W.2d 814 (1992). Because appellants failed to offer any proof of the status of the Logan County liquor law at the time of the local option election, they did not establish that the absence of a countywide election entitled them to relief.

■ We also find no merit to appellants' cursory argument that the local option election was illegal because Susan Hixson, an administrative assistant to a Logan County judge, served as a member of the election commission. Appellants offer no authority to support this argument, nor do they make any specific allegations against Hixson. As we do not consider assignments of error unsupported by convincing argument or authority, *Brooks* v. *Baker*, 308 Ark. 672, 826 S.W.2d 284 (1992); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977), we reject appellants' argument regarding Hixson's alleged ineligibility.

Accordingly, we affirm the trial court's mandate of the local option election.

DUDLEY, J., concurs.

ROBERT H. DUDLEY, Justice, concurring. I concur in the result. However, unlike the majority opinion, I would reach appellants' argument that it was illegal to hold the election in only

a part of the county. Such an election comports with the applicable statutes.

The majority opinion does not address the issue because, it says, the status of the county is not shown by the record. I am unable to agree. Paragraph XIV of the amended complaint provides: "That the contestant-plaintiff, Helen Bates, is a licensee by the Arkansas Alcoholic Beverage Control Board, for the sale of off-premises beer, located in Blue Mountain Township, which is located in the Southern Judicial District of Logan County." Paragraph 15 of the answer admits the above paragraph of the amended complaint. In addition, the statements of the case contained in both briefs filed in this court, and the argument portion of both briefs, recite that the county has townships in which beer and light wine are sold. Thus, it seems clear to me that the record reflects that beer and light wine are sold in the county. It is true that appellants conclude that the county is dry and appellees conclude that it is wet, but those are conclusions of law based on the record, and we are able to determine which conclusion is correct.

Under the controlling statute, Ark. Code Ann. § 3-8-305 (1987), which is a part of an initiated act, the law is skewed in favor of the drys. Under the statute, once a county has voted dry, no subdivision of the county can vote wet. However, if the county has voted wet, prohibition can be voted in subdivision by subdivision and, in addition, a wet vote can be limited to the sale of beer and light wine. Ark. Code Ann. § 3-8-401 (1987). Here, it is undisputed that the sale of beer and light wine was allowed in Blue Mountain Township. Thus, the county was wet, and the election could validly be held to dry up only a part of the county.

Appellants' clever argument is that the county was "moist," instead of "wet," and therefore came under the "dry" classification. The argument contains the assumption that "moist" is "dry," and that assumption is fallacious. Dry is classified as dry, and since the county was not dry, prohibition could be voted in precinct by precinct, or township by township. Appellants' argument is comparable in logic to that of one who could look out his window and see that it is not raining, but instead looks out and sees that it is cloudy, knows that it rains when it is cloudy, and argues that it is now raining.

I would affirm the trial court on the merits of all points of appeal.