Josephine Linker Hart, Justice, dissenting. InThe pertinent issue before this court is not whether, pursuant to the rapershield statute, the circuit court abused its discretion in failing to exclude all of the evidence of the alleged victim’s conduct, but whether the rape-shield statute applied at all. The rape-shield statute applies only to a victim’s prior “sexual conduct.” The conduct in question does not constitute “sexual conduct” as defined by our legislature.[4] For .an act to constitute “sexual conduct,” it. must fall within one of three definitions: deviate sexual activity, sexual contact, or sexual intercourse. Ark. Code Ann. § 16-42-101(a) (Repl. 1999). The definitions of “deviate sexual activity” and “sexual intercourse” both require an act of penetration. Ark. Code Ann. § 5-14-101(1) & (11) (Repl. 2013). Furthermore, the definitions of “deviate sexual activity” and “sexual contact” both require that the purpose of the touching be for sexual gratification. Ark. Code Ann, § 5-14-101(1) & (10) (Repl. 2013). “Sexual contact” is specifically defined as “any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female.”-Ark. Code Ann. § 5-14-101(8) (Repl. 2013). | iaAccording to the alleged victim, R.S., “there was no penetration of anybody’s sex organs that night.” R.S.’s testimony is undisputed. Likewise, there was no testimony or evidence of contact involving any act of sexual gratification. The majority cites Farmer, stating “sexual gratification is rarely capable of proof by direct evidence and must instead be inferred from the circumstances.” Farmer v. State, 341 Ark. 220, 15 S.W.3d 674 (2000). However, an inference of the circumstances present in this case is unnecessary because direct evidence is available. Here, the alleged victim’s own testimony provides the direct evidence needed to assess “sexual gratifi- . cation.” R.S. testified that Harrelson specifically came to her apartment so she could teach her dance techniques and try on outfits because Harrelson was interested in becoming an exotic dancer. The testimony unequivocally established the purpose of the contact that occurred was not for sexual gratification, but for demonstration reasons only. Although “sexual gratification” is not defined by statute, the words1 have been interpreted in accordance with their “reasonable and commonly accepted meanings” in similar cases. McGalliard v. State, 306 Ark. 181, 813 S.W.2d 768 (1991); Warren v. State, 314 Ark. 192, 862 S.W.2d 222 (1993). According to the court in McGalli-ard, Webster’s Dictionary defines the word “sexual” as “of or relating to the male or female sexes or their distinctive organs or functions” or “of or relating to the sphere of behavior associated with libidinal gratification,” and defines “gratification” as “something that pleases.” Webster’s Third New International Dictionary of the English Language, Unabridged (1961). While the testimony given by R.S. does indicate that she did,‘indeed,-touch Miss Harrelson’s breasts on ■ July 8, she also indicated that,- “that is part of lap dancing that-1 would 11srun down the front torso of someone” and "from [her] point of view, what happened [that] night before - was strictly lap dancing, and nothing sexual occurred.” During the hearing, the State even claimed, “What we .learned so far from the testimony is that these, that they came over the night before, and [R.S.] gave a lap dance to Shauna Harrelson and showed her some moves and that is all.” Cossio was not involved in either the giving or the receiving of any of the dances, and furthermore, R.S. was unaware Cossio was taking photographs at the time. Not one iota of evidence was offered to support the potential inference by the circuit court that R.S. and Harrelson engaged in the conduct for the purpose of sexually gratifying anyone, let alone-for the. gratification of Cossio. The circuit court could not, and did not, make such an inference. Furthermore, it should be reemphasized that the purpose of the rape-shield statute is to protect the victims of rape or sexual abuse from the humiliation of having their prior sexual conduct paraded in front of the. jury, Stewart v. State, 2012 Ark. 349, 423 S.W.3d 69, Here, the alleged victim herself does not consider her actions sexual, so the protection awarded by the rape-shield statute is unnecessary and its application'is erroneous. Thus, after examination of all the evidence presented to. the circuit court, there is no indication that any of the touching that occurred on July 8, 2015, between R.S. and Harrelson was done for sexual gratification. . Absent evidence alleging penetration or that any of the tquching was for the purpose of sexual gratification, none of the conduct on July 8 falls under the rape-shield statute. In my view, the rape-shield statute was applied in error by the circuit court. While I would reverse the circuit court’s entire ruling, I am mindful that Cossio has not filed a cross-1 uappeal, so the evidence the circuit court excluded, including the photographs, must remain excluded despite the error. Thus, I would affirm the ruling by the circuit court that the testimonial evidence should be admissible at the subsequent trial. I respectfully dissent. , Despite the circuit court rejecting Cossio’s similar argument that the conduct in question did not constitute “sexual conduct" and Cos-sio's failure to challenge that finding on appeal, it is the practice of this court not to reverse an evidentiary ruling by a circuit court when it uses the wrong reason to reach . the right result. Dandridge v. State, 292 Ark. 40, 727 S.W.2d 851 (1987).