Roger Don FARMER *v.* STATE of Arkansas

CR 99-627                                            15 S.W.3d 674

Supreme Court of Arkansas
Opinion delivered May 4, 2000

*Tom J. Keith,* Judge;

*Mason Law Firm, P.L.C.*, by: *Jeffrey W. Hatfield*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Roger Don Farmer appeals the judgment of the Benton County Circuit Court convicting him of rape, second-degree domestic battering, and terroristic threatening and sentencing him to a total of ten years' imprisonment. For reversal, Appellant argues that there was insufficient evidence to support a conviction of rape. Specifically, he argues that there was no evidence showing that he committed an act of sexual gratification, as provided in Ark. Code Ann. § 5-14-101(1) (Repl. 1997). This appeal was certified to us from the Arkansas Court of Appeals, as presenting an issue of statutory interpretation and requiring clarification or further development of the law. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (6). We find no error and affirm.

The record reflects that on April 23, 1997, Appellant physically attacked his wife, Carol Farmer. The couple had been married for approximately eighteen years at the time. For some time prior to the attack, Appellant had been demonstrating feelings of paranoia and had exhibited violent behavior toward Carol. On the date in question, Appellant and Carol went out to run some errands and eat lunch. Afterwards, they ended up driving around for a while. Appellant became agitated about financial matters and began demanding that Carol tell him the truth about some checks that she had evidently written. Appellant then drove out near Cave Springs and abandoned Carol on a dirt road; he eventually returned and persuaded her to get back into the van. They then started driving home.

As they approached their house, Appellant stopped the van and repeatedly backhanded Carol with his fists. He indicated that he was doing so to prove that he was crazy, like he claimed everyone thought. Carol tried to get out of the van, but Appellant had electronically locked all the doors. At one point during the attack, Appellant leaned Carol's seat back and rolled over on top of her. He continued to hit her. He became increasingly agitated, hitting her in the face, pulling her hair, and biting her ear.

While still lying on top of her, Appellant grabbed underneath her clothes and started ripping her panties and pantyhose. He also pulled her pubic hair. Appellant told Carol that if she did not want to be with him, he would fix it so that she could not be with anyone else. He then took a knife, held it up where she could see the blade, and threatened to cut her. Again, he told her that he would fix it so that she could not be with another man. He then put his hand up inside her vagina and squeezed her. Carol stated that he shoved his hand so far up inside her that she could feel his fingernails on her cervix. Appellant used the knife to cut across the crotch of her panties and cut the leg of her pantyhose. All the while, Carol begged and pleaded with Appellant not to hurt her. Appellant then choked her to the point that she felt her body relax and thought she was going to die. He eventually let go of her, and she managed to get out of the van. Despite her temporary escape, the ordeal continued outside the van, where Appellant pushed her to the ground and began beating her with a tent pole and kicking her in the ribs. Finally, Carol was able to get away from Appellant and call for help.

During the trial, Appellant moved for a directed verdict on the charge of rape, arguing that there was no proof of deviate sexual activity involving an act of sexual gratification. In support of his motion, Appellant relied on Carol's testimony that she did not think that the attack was sexual in nature or that it was Appellant's intent to be sexually gratified by it. After considerable debate by counsel and a brief recess, the trial court denied the motion. At the close of all the evidence, Appellant again moved for a directed verdict on the charge of rape. Another lengthy debate by counsel ensued. The trial court ruled that under this court's case law, the State was not required to present direct proof of sexual gratification. The trial court ruled further that the State had presented sufficient circum-

stantial evidence from which the jury could infer that the act involved sexual gratification. We affirm the trial court's ruling.

■ ■ Arkansas Code Annotated § 5-14-103 (Repl. 1997) provides in part that a person commits rape if he engages in deviate sexual activity with another person by forcible compulsion. Section 5-14-101(1)(B) defines "deviate sexual activity," in part, as any act of sexual gratification involving the penetration of the labia majora of one person by any body member or foreign instrument manipulated by another person. "Sexual gratification" is not defined in the statute, but this court has construed the words in accordance with their reasonable and commonly accepted meanings. *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995); *Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993); *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991). This court has consistently held that it is not necessary for the State to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *Strickland*, 322 Ark. 312, 909 S.W.2d 318; *Warren*, 314 Ark. 192, 862 S.W.2d 222; *McGalliard*, 306 Ark. 181, 813 S.W.2d 768; *Williams v. State*, 298 Ark. 317, 766 S.W.2d 931 (1989) (*per curiam*).

Appellant does not question the soundness of the foregoing holdings, nor does he deny that there was sufficient evidence of penetration by forcible compulsion. Moreover, he concedes that sexual gratification can be and usually is a plausible reason for forcible penetration. Nevertheless, he argues that such is not the case here. Particularly, he contends that the only evidence presented on this element was Carol's testimony that she did not think the attack was sexual in nature or that Appellant's intent was to sexually gratify himself. He contends further that the evidence demonstrated nothing more than a physical battery on a sexual organ. We disagree.

■ The evidence below demonstrated that there were sexual overtones surrounding the attack. Carol testified that Appellant put his hand inside her vagina and squeezed her. While he was doing this, he was lying on top of her, ripping at her panties and pantyhose. He told her more than one time that if she did not want to be with him, he would fix it so that she could not be with another man. In other words, Appellant threatened to hurt Carol so that she would not be able to have sexual relations with another

man. From these circumstances, the jury could have inferred that sexual gratification was a plausible reason for the penetration. Indeed, this evidence is stronger than that presented in *Warren*, 314 Ark. 192, 862 S.W.2d 222, upon which Appellant relies.

■ In *Warren*, the appellant was convicted of capital felony murder, with the underlying felony being rape. The medical examiner testified that the murder victim died from a combination of injuries, which included trauma, rupture, and perforation of both the vagina and the rectum. He opined that all the victim's wounds could have been caused by a circular object such as a shovel handle. On appeal, Warren argued that the State failed to prove that the penetration of the victim's vagina and anus was done for the purpose of sexual gratification. This court disagreed: "We have previously stated that 'when persons, other than physicians or other persons for legitimate medical reasons, insert something in another person's vagina or anus, it is not necessary that the state provide direct proof that the act was done for sexual gratification.'" *Id.* at 196-97, 862 S.W.2d at 225 (quoting *Williams*, 298 Ark. 317, 321, 766 S.W.2d 931, 934).

■ We are not persuaded by Appellant's attempt to distinguish this case from *Warren* on the basis that the victim here opined that her attacker was not motivated by a desire for sexual gratification. It is not apparent to us how Carol's opinion testimony weakened the State's circumstantial evidence on this issue. As the prosecutor argued below, it is difficult to know for certain in this day and age what is sexually gratifying to another person. Indeed, short of a confession or physical evidence, sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. *See, e.g., Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000); *Green v. State*, 330 Ark. 458, 956 S.W.2d 849 (1997). Thus, Carol was in no better position than the jury to assess Appellant's particular thought processes or motivation. Furthermore, the jury was free to believe or disbelieve any or all of her testimony. *See Freeman v. State*, 331 Ark. 130, 959 S.W.2d 400 (1998). Likewise, it was within the exclusive province of the jury to determine the weight and value of her testimony. *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). Accordingly, viewing the evidence in the light most favorable to the State, as we are required to do, we conclude that there is substantial evidence to

support Appellant's rape conviction. *See Jones v. State*, 340 Ark. 390, 10 S.W.3d 449 (2000).

Affirmed.