SLIP OPINION

Cite as 2017 Ark. 297

# SUPREME COURT OF ARKANSAS

No. CR–17–250

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 2, 2017 |
| STATE OF ARKANSAS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-15-2855] |
| V. | | |
| MIGUEL COSSIO | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The State of Arkansas brings this interlocutory appeal from the Pulaski County Circuit Court's order ruling that testimony regarding the victim's prior sexual conduct with a third party would be admissible pursuant to the rape-shield statute, Arkansas Code Annotated section 16-42-101(c) (Repl. 1999), and Arkansas Rule of Evidence 411(c)(2)(C) (2016). For reversal, the State argues that the circuit court erred by finding that this evidence was relevant where appellee Miguel Cossio was charged with raping the victim while she was physically helpless. Because the circuit court committed a manifest abuse of discretion, we reverse and remand.

On September 10, 2015, the State charged Cossio with the rape of R.S. in violation of Arkansas Code Annotated section 5-14-103(a)(2)(A) (Repl. 2013), which provides that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is incapable of consent because he or she is physically helpless.

"Physically helpless" means that a person is unconscious, physically unable to communicate a lack of consent, or rendered unaware that a sexual act is occurring. Ark. Code Ann. § 5-14-101(7)(A)−(C) (Repl. 2013). The felony information alleged that the offense occurred on July 10, 2015.

Cossio filed a pretrial motion to admit evidence of prior sexual conduct of the victim, asserting that the victim had made similar allegations against others in the past and that this evidence was essential to demonstrate her motive and character for truthfulness. Cossio also filed a notice of his intent to raise the affirmative defense of mistake of mental condition of the victim.

A hearing on these motions was held on January 9, 2017. R.S. testified that she was employed as an exotic dancer in July 2015. On the evening of July 8, 2015, approximately twenty-four hours before the alleged rape occurred, R.S. indicated that Cossio and his acquaintance, Shauna Harrelson, had come over to R.S.'s apartment because Harrelson was interested in becoming an exotic dancer and wanted R.S. to teach her some dance techniques.[1] According to R.S., the three of them drank alcohol, Harrelson tried on a few of R.S.'s outfits, and the two women gave each other lap dances. R.S. stated that Cossio was not involved in the lap dances but that she later learned that he had taken pictures of them with her phone. These pictures were also introduced at the hearing. R.S. testified that no other sexual activity occurred between her and Harrelson on the evening of July 8, and she further indicated that she did not have any sexual contact with Cossio that night.

---

[1] Shauna Harrelson was charged as a codefendant in the case but entered a negotiated plea of guilty.

R.S. stated that the next day, on July 9, 2015, she had a cast on her arm and stitches removed, and she indicated that she had taken oxycodone beforehand as prescribed by her doctor. Later that evening, Harrelson and Cossio again visited R.S.'s apartment. R.S. explained that Harrelson had only wanted to "drink and hang out" on the night of July 9, and R.S. stated that she did not remember giving anyone a lap dance that night. R.S. agreed that she did not remember many details from that evening and that she had told police that she had passed out from alcohol and from not enough sleep the night before.

Cossio argued that the evidence of what had occurred at R.S.'s apartment on the evening prior to the rape was relevant to his state of mind on the night of the rape, as well as to R.S.'s credibility. The State, however, contended that this evidence was not relevant to the offense as charged and that it was also more prejudicial than probative.

The circuit court took the issue under advisement at the conclusion of the hearing and subsequently entered an order on January 19, 2017. The court stated that the pictures of R.S. and Harrelson from the evening of July 8, 2015, would not be admissible under the rape-shield statute and Arkansas Rule of Evidence 411. However, the court ruled that Cossio would be permitted to elicit testimony concerning the events of that evening "for the limited purpose of showing the prelude to the night of the alleged activity, as part of the res gestae of the case." Although the circuit court stated that Cossio could not use this evidence to demonstrate that the victim consented to the charged crime, the court found that the events of July 8, 2015, were "essential to show the relationship between the parties" and that the probative value of this evidence outweighed its inflammatory or prejudicial nature. The court further ruled that Cossio would not be permitted to raise the affirmative

defense of mistake of mental condition because consent was not a defense to the rape of a physically helpless victim. The State filed a timely notice of interlocutory appeal from the circuit court's order on January 27, 2017.

We first address whether we have jurisdiction to hear the State's appeal in this case. Unlike that of a criminal defendant, the State's right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. Pursuant to Rule 3(a)(3), the State may take an interlocutory appeal from a pretrial order granting a motion to allow evidence of the victim's prior sexual conduct. Ark. R. App. P.–Crim. 3(a)(3) (2017). Although we will typically consider an appeal by the State only when the correct and uniform administration of the criminal law requires review by this court, an appeal from an adverse ruling under the rape-shield statute is automatically appealable without such an analysis. Ark. R. App. P.–Crim. 3(d); *State v. Parker*, 2010 Ark. 173.

Regarding the merits of the appeal, the State contends that the circuit court erred by ruling that evidence of R.S.'s sexual conduct from the day prior to the alleged rape would be admissible at Cossio's trial. Pursuant to the rape-shield statute, Arkansas Code Annotated section 16-42-101(b), as well as Arkansas Rule of Evidence 411(b), "opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person . . . is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose." However, the circuit court has discretion to admit

SLIP OPINION

this sort of evidence if, after a pretrial hearing, the court finds that the evidence is relevant to prove a fact in issue and that the probative value of the evidence outweighs its inflammatory or prejudicial nature. Ark. Code Ann. § 16-42-101(c); Ark. R. Evid. 411(c).

The purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the pending charges, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *State v. Parker*, *supra*. The circuit court is vested with a great deal of discretion in determining whether evidence is relevant, and we will not reverse the circuit court's decision as to the admissibility of rape-shield evidence unless its ruling constitutes clear error or a manifest abuse of discretion. *Vance v. State*, 2011 Ark. 392, 384 S.W.3d 515.

As the State asserts, we have held that when consent is not an issue, the victim's sexual conduct with a third person is entirely collateral and therefore not relevant. *Vance*, *supra*; *Parker*, *supra*. The State argues that because Cossio is charged with raping R.S. while she was physically helpless and incapable of consent, R.S.'s sexual conduct the night before the rape is "wholly irrelevant" and prejudicial to the prosecution of this case.

While the circuit court correctly recognized that Cossio could not use this evidence to show that R.S. consented to the rape, the court nonetheless found that it was admissible as part of the *res gestae* of the case and that it was essential to show the relationship between the parties. We have described the *res gestae* of a criminal offense as follows:

> Circumstances so nearly related to the main fact under consideration as to illustrate its character and the state of mind, sentiment and disposition of the actor are parts of the *res gestae*, which embraces not only the actual facts of the transaction and the circumstances surrounding it, but also matters immediately antecedent to and having a direct causal connection with it, as well as acts immediately following it and so closely connected with it as to form in reality part of the occurrence.

SLIP OPINION

*Turner v. State*, 258 Ark. 425, 434, 527 S.W.2d 579, 586 (1975). Although evidence of other crimes by the accused is generally not admissible, we have held that under the *res gestae* exception, the State is entitled to introduce evidence showing all circumstances that explain the charged act, show a motive for acting, or illustrate the accused's state of mind. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). Thus, all of the circumstances connected with a particular crime may be shown to put the jury in possession of the entire transaction, and where separate incidents comprise one continuing criminal episode or are intermingled with the crime actually charged, the evidence is admissible. *Id.*

Cossio argues that evidence of R.S.'s sexual conduct on July 8, 2015, was part of the *res gestae* of the offense because the events of July 9–10, 2015, the night of the alleged rape, were a continuation of, and causally related to, the events that took place the night before the alleged rape. Cossio points to R.S.'s testimony that Harrelson wanted to come over on July 9 to "hang out and drink more."

We disagree that evidence of R.S.'s sexual conduct with Harrelson on July 8, 2015, was relevant and admissible under the rape-shield statute to show the *res gestae* of the charged offense. R.S. testified that Harrelson came over on July 8 to learn how to be an exotic dancer and that the sexual conduct on that night consisted only of lap dances between R.S. and Harrelson. There was no sexual intercourse on July 8, and there was no evidence that Cossio was directly engaged in any of the sexual conduct on that evening. After the events on the evening of July 8, Cossio and Harrelson left R.S.'s apartment. The next evening, Cossio and Harrelson returned to R.S.'s apartment for the purpose of drinking and socializing. R.S. stated that she did not remember giving anyone lap dances on the evening

of July 9. The two social gatherings did not comprise a continuing sequence of events, nor was R.S.'s prior sexual conduct on July 8 intermingled or contemporaneous with the alleged rape by Cossio the next night. Thus, the circuit court clearly erred in finding that evidence of R.S.'s prior sexual conduct was relevant and admissible as part of the *res gestae* of the case.

To the extent that the events on the evening of July 8 were relevant to show the relationship between the parties or why Cossio and Harrelson were at R.S.'s apartment the next day, only evidence specifically related to the prior sexual conduct of R.S. would be inadmissible pursuant to the rape-shield statute. *See* Ark. Code Ann. § 16-42-101(b); Ark. R. Evid. 411(b).[2] Similarly, although Cossio argues that evidence demonstrating that R.S. had also passed out on the night of July 8 is relevant to whether she was unconscious during the alleged rape the next evening, the rape-shield statute bars only evidence of R.S.'s sexual conduct. Cossio has simply failed to demonstrate how evidence of R.S.'s sexual conduct with Harrelson on the day before the offense is probative to whether Cossio raped R.S. the next evening while she was physically helpless and incapable of consent. Furthermore, to the extent that this evidence has any relevance to the issues in this case, its probative value would be substantially outweighed by the danger of unfair prejudice. Accordingly, we

---

[2] The dissent would affirm the admission of this evidence on the basis that the lap dances did not constitute "sexual conduct" under the rape-shield statute because there was no proof of sexual gratification. The circuit court rejected Cossio's argument that the lap dances did not amount to sexual conduct, and Cossio does not challenge this finding on appeal. Further, we have held that sexual gratification is rarely capable of proof by direct evidence and must instead be inferred from the circumstances. *Farmer v. State*, 341 Ark. 220, 15 S.W.3d 674 (2000). Even assuming, as the dissent argues, that there was no indication that R.S. and Harrelson performed the lap dances for the purposes of their own sexual gratification, the circuit court could have inferred from the circumstances in this case that the dances were performed for the purpose of sexually gratifying Cossio, who was watching and taking photographs.

conclude that the circuit court abused its discretion in admitting evidence of R.S.'s prior sexual conduct, and we reverse and remand.

Reversed and remanded.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority's opinion because the State failed to argue below that R.S.'s July 8, 2015 lap dances were prior sexual conduct pursuant to Arkansas Code Annotated section 16-42-101(a). Therefore, I would affirm the circuit court.

The State's appeal in this matter is brought pursuant to Rule 3 of the Arkansas Rules of Appellate Procedure – Criminal, which provides, in pertinent part, that an interlocutory appeal on behalf of the State may be taken only from a pretrial order in a felony prosecution that grants a motion under Arkansas Rule of Evidence 411(c) to allow evidence of the victim's prior sexual conduct. Here, in granting Cossio's motion to admit evidence regarding the victim's prior sexual conduct, the circuit court held:

> Notwithstanding Rule 411's exclusion on "rape shield" material, the Defendant will be permitted to elicit testimony about that events of the first evening under Rule 411(c)(2)(C), for the limited purpose of showing the prelude to the night of the alleged activity, as part of the res gestae of the case. The court finds that the events of the night before are essential to show the relationship between the parties and that that probative value outweighs its inflammatory or prejudicial nature.

This ruling addresses whether the evidence is relevant and admissible as part of the res gestae of the case, notwithstanding Rule 411. Nonetheless, the circuit court clearly found that the evidence was not excluded by either Rule 411 or the rape-shield statute. Thus, the narrow question presented in this appeal is whether the circuit court erred in finding that the

evidence was not excluded by either Rule 411 or the rape-shield statute, Arkansas Code Annotated section 16-42-101(a).

Pursuant to the rape-shield statute, "'sexual conduct' means deviate sexual activity, sexual contact, or sexual intercourse, as those terms are defined by § 5-14-101." Ark. Code Ann. § 5-14-101(10) provides: "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female.

Prior to analyzing the issue before the court, I must note that arguments not raised below will not be addressed for the first time on appeal. Likewise, parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of their objections as presented at trial. *See Sylvester v. State*, 2016 Ark. 136, 5, 489 S.W.3d 146, 149. In this case, at the hearing, the State did not contend that the lap dances themselves were sexual conduct pursuant to the rape-shield statute. Rather, the State contended "at least one of the pictures falls under Rape Shield. It's sexual contact[,]" and asserted that the lap dances were inadmissible based on relevancy. The State did not contend that the dances were sexual conduct pursuant to the rape-shield statute. Further, it is the State's burden on appeal to demonstrate that the circuit court erred. The State has failed to demonstrate error. Based on the record before the court, the State has to establish that the July 8, 2015 lap dances were prior sexual conduct under the rape-shield statute. With regard to the admissibility and questioning regarding the July 8, 2015 lap dances, the following colloquy occurred at the hearing:

THE STATE: Your Honor, I guess if the State wants to go first on that. First of all, I believe that State, Defense Exhibit

No. 2 and 1 for that matter, since they're text messages of the same pictures or some of the same pictures, we believe first of all they're irrelevant. I believe that they do, or at least one of the pictures falls under Rape Shield. It's sexual contact.[1]

. . . .

| | |
|---|---|
| THE COURT: | Response? |
| DEFENSE ATTORNEY: | I first off don't believe it's sexual contact as prescribed by the statute. Specifically the Bobo case, 267 Ark. 1, states – – It's basically the court excluded some nude photographs, but it was excluded for holding that the probative value was outweighed by the prejudicial nature, but they specifically go on to say: |
| | "Since posing nude for a photograph does not fall within the statutory definition of sexual conduct, we are not convinced that act was meant to permit the introduction, or it was meant to preclude the introduction of such evidence." |

Simply put, the State has failed to demonstrate that the fact that the lap dances occurred satisfied the definition of "sexual conduct." R.S. testified at the hearing that "[f]rom [her] point of view, what happened [the] night before was strictly lap dancing, and nothing sexual occurred." While the State argued that what happened on July 8, 2015 was irrelevant, it did not argue that the fact that lap dances occurred between Harrelson and R.S. on July 8, 2015 was "sexual conduct" and should have been excluded pursuant to the rape-shield statute. Therefore, I dissent from the majority opinion and would affirm the circuit court.

---

[1]The pictures were excluded by circuit court and are not an issue in this appeal.

JOSEPHINE LINKER HART, Justice, dissenting. The pertinent issue before this court is not whether, pursuant to the rape-shield statute, the circuit court abused its discretion in failing to exclude *all* of the evidence of the alleged victim's conduct, but whether the rape-shield statute applied at all. The rape-shield statute applies only to a victim's prior "sexual conduct." The conduct in question does not constitute "sexual conduct" as defined by our legislature.[1]

For an act to constitute "sexual conduct," it must fall within one of three definitions: deviate sexual activity, sexual contact, or sexual intercourse. Ark. Code Ann. § 16-42-101(a) (Repl. 1999). The definitions of "deviate sexual activity" and "sexual intercourse" both require an act of penetration. Ark. Code Ann. § 5-14-101(1) & (11) (Repl. 2013). Furthermore, the definitions of "deviate sexual activity" and "sexual contact" both require that the purpose of the touching be for sexual gratification. Ark. Code Ann. § 5-14-101(1) & (10) (Repl. 2013). "Sexual contact" is specifically defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(8) (Repl. 2013).

---

[1] Despite the circuit court rejecting Cossio's similar argument that the conduct in question did not constitute "sexual conduct" and Cossio's failure to challenge that finding on appeal, it is the practice of this court not to reverse an evidentiary ruling by a circuit court when it uses the wrong reason to reach the right result. *Dandridge v. State*, 292 Ark. 40, 727 S.W.2d 851 (1987).

According to the alleged victim, R.S., "there was no penetration of anybody's sex organs that night." R.S.'s testimony is undisputed. Likewise, there was no testimony or evidence of contact involving any act of sexual gratification. The majority cites *Farmer*, stating "sexual gratification is rarely capable of proof by direct evidence and must instead be inferred from the circumstances." *Farmer v. State*, 341 Ark. 220, 15 S.W.3d 674 (2000). However, an inference of the circumstances present in this case is unnecessary because direct evidence is available. Here, the alleged victim's own testimony provides the direct evidence needed to assess "sexual gratification." R.S. testified that Harrelson specifically came to her apartment so she could teach her dance techniques and try on outfits because Harrelson was interested in becoming an exotic dancer. The testimony unequivocally established the purpose of the contact that occurred was not for sexual gratification, but for demonstration reasons only.

Although "sexual gratification" is not defined by statute, the words have been interpreted in accordance with their "reasonable and commonly accepted meanings" in similar cases. *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991); *Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993). According to the court in *McGalliard*, *Webster's Dictionary* defines the word "sexual" as "of or relating to the male or female sexes or their distinctive organs or functions" or "of or relating to the sphere of behavior associated with libidinal gratification," and defines "gratification" as "something that pleases." *Webster's Third New International Dictionary of the English Language, Unabridged* (1961).

While the testimony given by R.S. does indicate that she did, indeed, touch Miss Harrelson's breasts on July 8, she also indicated that, "that is part of lap dancing that I would

SLIP OPINION

run down the front torso of someone" and "from [her] point of view, what happened [that] night before was strictly lap dancing, and nothing sexual occurred." During the hearing, the State even claimed, "What we learned so far from the testimony is that these, that they came over the night before, and [R.S.] gave a lap dance to Shauna Harrelson and showed her some moves and that is all." Cossio was not involved in either the giving or the receiving of any of the dances, and furthermore, R.S. was unaware Cossio was taking photographs at the time. Not one iota of evidence was offered to support the potential inference by the circuit court that R.S. and Harrelson engaged in the conduct for the purpose of sexually gratifying anyone, let alone for the gratification of Cossio. The circuit court could not, and did not, make such an inference.

Furthermore, it should be reemphasized that the purpose of the rape-shield statute is to protect the victims of rape or sexual abuse from the humiliation of having their prior sexual conduct paraded in front of the jury. *Stewart v. State*, 2012 Ark. 349, 423 S.W.3d 69. Here, the alleged victim herself does not consider her actions sexual, so the protection awarded by the rape-shield statute is unnecessary and its application is erroneous. Thus, after examination of all the evidence presented to the circuit court, there is no indication that any of the touching that occurred on July 8, 2015, between R.S. and Harrelson was done for sexual gratification.

Absent evidence alleging penetration or that any of the touching was for the purpose of sexual gratification, none of the conduct on July 8 falls under the rape-shield statute. In my view, the rape-shield statute was applied in error by the circuit court. While I would reverse the circuit court's entire ruling, I am mindful that Cossio has not filed a cross-

appeal, so the evidence the circuit court excluded, including the photographs, must remain excluded despite the error. Thus, I would affirm the ruling by the circuit court that the testimonial evidence should be admissible at the subsequent trial.

I respectfully dissent.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellant.

*James Law Firm*, by: *Michael Kiel Kaiser* and *Bobby R. Digby II*, for appellee.