COURTNEY HUDSON GOODSON, Associate Justice hThe State of Arkansas brings this interlocutory appeal from the Pulaski County Circuit Court’s order ruling that testimony regarding the victim’s prior sexual conduct with a third party would be admissible pursuant to the rape-shield statute, Arkansas Code Annotated section 16-42-101(c) (Repl. 1999), and Arkansas Rule of Evidence 411(c)(2)(C) (2016). For reversal, the State argues that the circuit court erred by finding that this evidence was relevant where appellee Miguel Cossio was charged with raping the victim while she was physically helpless. Because the circuit court committed a manifest abuse of discretion, we reverse and remand. On September 10, 2015, the State charged Cossio with the rape of R.S. in violation of Arkansas Code Annotated section 5-14-103(a)(2)(A) (Repl. 2013), which provides that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is incapable of consent because he or she is physically helpless. |2“Physically helpless” means that a person is unconscious, physically unable to communicate a lack of consent, or rendered unaware that a sexual act is occurring. Ark. Code Ann. § 5-14-101 (7)(A) - (C) (Repl. 2013). The felony information alleged that the offense occurred on July 10, 2015. Cossio filed a pretrial motion to admit evidence of prior sexual conduct of the victim, asserting that the victim had made similar allegations against others in the past and that this evidence was essential to demonstrate her motive and character for truthfulness. Cossio also filed a notice of his intent to raise the affirmative defense of mistake' of mental condition of the victim. A hearing on these motions was held on January 9, 2017. R.S. testified that she was employed as an exotic dancer in July 2015. On the evening of July 8, 2015, approximately twenty-four hours before the alleged rape occurred, R.S. indicated that Cossio and his acquaintance, Shauna Har-relson, had come over to R.S.’s apartment because Harrelson was interested in becoming an exotic dancer and wanted R.S. to teach her some dance techniques.[1] According to R.S., the three of them drank alcohol, Harrelson tried on a few of R.S.’s outfits, and the two women gave each other lap dances. R.S. stated that Cossio was not involved . in the lap dances but that she later learned that he had taken pictures of them with her phone, These pictures were also introduced at the hearing. R.S.. testified that no other sexual activity occurred between her and Harrelson on the evening of July 8, and she further indicated that she did not have any sexual contact with Cossio that night. IííR.S. stated that the next day, on July 9, 2015, she had a cast on her arm and stitches removed, and she indicated that she had taken oxycodone beforehand as prescribed by her;doctor. Later that evening, Harrelson and Cossio again visited R.S.’s apartment. R.S. explained that Har-relson had only wanted to “drink and hangout” on the night of July 9, and R.S. stated that she did not remember giving anyone a lap dance, that night. R.S. agreed that she did not remember many details from that evening and that she had told police that she had passed out from alcohol and from not enough sleep the night before. Cossio argued that the evidence of what had occurred at R.S.’s apartment on the evening prior to the rape was relevant to his state of mind on the night of the rape, as well as to R.S.’s credibility. The State, however, contended that this evidence was not relevant to the offense as charged and that it was also more prejudicial than probative. The- circuit court took the issue under advisement at the conclusion of the hearing and subsequently entered an order on January 19,2017. The court stated that the pictures of R.S, and Harrelson from the evening of July 8, 2015, would not be admissible under the rape-shield statute and Arkansas Rule of Evidence 411. However, the court ruled that Cossio would be permitted to elicit testimony concerning the events of that evening “for the limited purpose of showing the prelude to the night of the alleged activity, as part of the res gestae of the case.” Although the circuit court stated that Cossio could not use this evidence to demonstrate that the victim consented to the charged crime, the court found that the events of July 8, 2015, were “essential to show the relationship between the parties” and that the probative'value of this evidence outweighed its inflammatory or prejudicial nature. The court further ruled that Cossio would not be permitted to raise the affirmative 1 ¿defense of mistake of mental condition because consent was not a defense to the rape of. a physically helpless victim. The State filed a timely notice of interlocutory appeal from the circuit court’s order on January 27, 2017. We first address whether we have jurisdiction to hear the State’s appeal in this case. Unlike that of a criminal defendant, the State’s right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal. State v. Colvin, 2013 Ark. 203, 427 S.W.3d 635. Pursuant to Rule 3(a)(3), the State may take an interlocutory appeal from a pretrial order granting a motion to allow evidence of the victim’s prior sexual conduct. Ark. R, App. P.—Crim. 3(a)(3) (2017). Although we will typically consider an appeal by the State only when the correct and uniform administration of the criminal law requires review by this court, an appeal from an adverse ruling under the rape-shield statute is automatically ap-pealable without such an analysis. Ark. R. App. P.—Crim. 3(d); State v. Parker, 2010 Ark. 173, 2010 WL 1507232. Regarding the merits of the appeal, the State contends that the circuit court erred by ruling that evidence of 'R.S.’s sexual conduct from the day prior to the alleged rape would be admissible at Cossio’s trial. Pursuant to the rape-shield statute, Arkansas Code Annotated section 16-42-101(b), as well as Arkansas Rule of Evidence 411(b), “opinion evidence, reputation evidence, or evidence of specific instances of the victim’s prior sexual conduct with the defendant or any other person ... is not admissible by the defendant, either through direct examination of ány defensé witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.” However, the circuit court has discretion to admit lathis sort of evidence if, after a pretrial hearing, the court finds that the evidence is relevant to prove a fact in issue and that the probative value of the evidence outweighs its inflammatory or prejudicial nature. Ark. Code Ann. § 16-42-101 (c); Ark. R. Evid. 411(c). The purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the pending charges, paraded before the jury and the public when such conduct-is irrelevant to the defendant’s guilt. State v. Parker, supra. The circuit court is vested with a great deal of discretion in determining whether evidence is relevant, and we will not reverse the circuit court’s decision as to the admissibility of rape-shield evidence unless its ruling constitutes clear error or a manifest- abuse' of discretion. Vance v. State, 2011 Ark. 392, 384 S.W.3d 515. As the State asserts, we have held that when consent is not an issue, the victim’s sexual conduct with a third person is entirely collateral and therefore not relevant. Vance, supra; Parker, supra. The State argues that because Cossio is charged with raping R.S. while she was physically helpless and incapable of consent, R.S.’s sexual conduct the night before the rape is “wholly irrelevant” and prejudicial to the prosecution of this case. While the circuit court correctly recognized that Cossio could not use this evidence to show that R.S. consented to the rape, the court nonetheless found that it was admissible as part of the res gestae of the case and that it was essential to show the relationship between the parties. We have described the res gestae of a criminal offense as follows: Circumstances so nearly related to the main fact under consideration as to illustrate its character and the state of mind, sentiment and disposition of the actor are parts of the res gestae, which embraces not only the actual facts of the transaction and the circumstances surrounding it, but also matters immediately antecedent to and having a direct causal connection with it, as well as acts immediately following it and so closely connected with it as to form in. reality part of the occurrence. Turner v. State, 258 Ark. 425, 434, 527 S.W.2d 580, 586 (1975). Although evidence of other crimes by the accused is generally not admissible, we have held that under the res gestae exception, the State is entitled to introduce evidence showing all circumstances that explain the charged act, show a motive for acting, or illustrate the accused’s state of mind. Gaines v. State, 340 Ark. 99, 8 S.W.3d 547 (2000). Thus, all of the circumstances connected with a particular crime may be shown to put the jury in possession of the entire transaction, and where separate incidents comprise one continuing criminal episode or are intermingled with the crime actually charged, the evidence is admissible. Id. Cossio argues that evidence of R.S.’s sexual conduct on July 8, 2015, was part of the res gestae of the offense because the events of July 9-10, 2015, the night of the alleged rape, were a continuation of, and causally related to, the events that took place the night before the alleged rape. Cossio points to R.S.’s testimony that Harrelson wanted to come over on July 9 to “hang out and drink more.” We disagree that evidence of R.S.’s sexual conduct with Harrelson on July 8, 2015, was relevant and admissible under the rape-shield statute to show the res gestae of the charged offense. R.S. testified that Harrelson came over on July 8 to learn how to be an exotic dancer and that the sexual conduct on that night consisted only of lap dances between R.S. and Har-relson. There was no sexual intercourse on July 8, and there was no evidence that Cossio was directly engaged in any of the sexual conduct on that evening. After the events on the evening of July 8, Cossio and Harrelson left R.S.’s apartment. The next evening, Cossio and Harrelson returned to R.S.’s apartment for the purpose of drinking and socializing. R.S. stated that she did not remember giving anyone lap dances on the evening |7of July 9. The two social gatherings did not comprise a continuing sequence of events, nor was R.S.’s prior sexual conduct on July 8 intermingled or contemporaneous with the alleged rape by Cossio the next night. Thus, the circuit court clearly erred in finding that evidence of R.S.’s prior sexual conduct was relevant and admissible as part of the res gestae of the case. To the extent that the events on the evening of July 8 were relevant to show the relationship between the parties or why Cossio and Harrelson were at R.S.’s apartment the next day, only evidence specifically related to the prior sexual conduct of R.S. would be inadmissible pursuant to the rape-shield statute. See Ark. Code Ann. § 16-42-101(b); Ark. R. Evid. 411(b).[2] Similarly, although Cossio argues that evidence demonstrating that R.S. had also passed out on the night of July 8 is relevant to whether she , was unconscious during the alleged rape the next evening, the rape-shield statute bars only evidence of R.S.’s sexual conduct. Cossio has simply failed to demonstrate how evidence of R.S.’s sexual conduct with Harrelson on the day before the offense is probative to whether Cossio raped R.S. the next evening while she was physically helpless and incapable of consent. Furthermore, to the extent that this evidence has any relevance to the issues in this case, its probative value would be substantially outweighed by the danger of unfair prejudice. Accordingly, we | ^conclude that the circuit court abused its discretion in admitting evidence of R.S.’s prior sexual conduct, and we reverse and remand. Reversed and remanded. Baker and Hart, JJ., dissent. . Shauna Harrelson was charged as a code-fendant in the case but entered a -negotiated plea of guilty, . The dissent would affirm the admission of this evidence on the basis that the lap dances did not constitute “sexual conduct” under the rape-shield statute because there was no proof of sexual gratification. The circuit court rejected Cossio’s argument that the lap dances did not amount to sexual conduct, and Cossio does not challenge this finding on appeal. Further, we have held that sexual gratification is rarely capable of proof by direct evidence and must instead be inferred from the circumstances. Farmer v. State, 341 Ark. 220, 15 S.W.3d 674 (2000). Even assuming, as the dissent argues, that there was no indication that R.S. and Harrelson performed the lap dances for the purposes of their own sexual gratification, the circuit court could have inferred from the circumstances in this case that the dances were performed for the purpose of sexually gratifying Cossio, who was watching and taking photographs.