John Dan Kemp, Chief Justice, concurring.
I concur with the majority's holding that the circuit court properly excluded the evidence that K.V. and E.P. had been engaged in a sexual relationship. Although I agree with the majority that the evidence could have had "a prejudicial and inflammatory effect on the proceedings," I would also hold that the girls' relationship was irrelevant.
Mouton filed a rape-shield motion, pursuant to Arkansas Code Annotated section 16-42-101 (Repl. 1999) and Arkansas Rule of Evidence 411 (2017), seeking to introduce evidence of K.V.'s sexual relationship with E.P. Section 16-42-101(b) states that evidence of a victim's prior sexual conduct is inadmissible by the defendant "to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose."[1] The circuit court has discretion to admit this evidence if, after a pretrial hearing, the court finds that the evidence is relevant to prove a fact in issue and that the probative value of the evidence outweighs its inflammatory or prejudicial nature. See Ark. Code Ann. § 16-42-101(c) ; Ark. R. Evid. 411(c). The purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the pending charges , paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. State v. Cossio , 2017 Ark. 297, 529 S.W.3d 620 (emphasis added). The circuit court is vested with a great deal of discretion in determining whether evidence is relevant, and we will not reverse the circuit court's decision on the admissibility of rape-shield evidence unless its ruling constitutes clear error or a manifest abuse of discretion. Id. Generally, evidence of a minor's prior sexual activity is excluded in a criminal sexual-assault trial. See, e.g. , State v. Townsend , 366 Ark. 152, 233 S.W.3d 680 (2006).
In my view, any testimony concerning K.V. and E.P.'s relationship was irrelevant and inadmissible. The girls' relationship was wholly unrelated to the pending second-degree sexual-assault charges against Mouton for his inappropriate sexual behavior toward K.V., one of his students. But I do agree with the majority that even if the evidence were relevant, any danger of *88 unfair prejudice would outweigh its probative value. Accordingly, I defer to the sound discretion of the circuit court in its ruling to deny Mouton's rape-shield motion.

Rule 411(b) states that "opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person ... is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose."