Charles's second point on appeal is that the circuit court abused its discretion in excluding an order of appointment of emergency temporary guardian of AF (order of appointment). When Charles's counsel sought to introduce the order or appointment, the State objected based on relevance. The circuit court sustained the objection. In response, Charles's counsel stated:
Judge, I'm going to proffer this as Defendant's 4 and the relevance is that the officer's testimony was that nothing else was done after October the 11th. The decision to arrest him was done October the 25th which was one day after this was done. It is our proposition that this order is what sparked this officer to make an arrest. Nothing else happened in this file, other than this, after October the 11th. This is what forced his hand to make an arrest.
On appeal, Charles maintains his argument that the order of appointment is relevant because it prompted law enforcement to arrest him, when before that time there had been no active investigation into the rape allegations and no arrest warrant had been issued.
The decision to admit or exclude evidence is within the sound discretion of the circuit court, and this court will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. Gillean v. State , 2015 Ark. App. 698, at 14, 478 S.W.3d 255, 264. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. Id. , 478 S.W.3d at 264. Moreover, an appellate court will not reverse a circuit court's evidentiary ruling absent a showing of prejudice. Id. , 478 S.W.3d at 264.
Rule 401 of the Arkansas Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id. at 14-15, 478 S.W.3d at 265 (citing Ark. R. Evid. 401 ). Arkansas Rule of Evidence 402 further provides that "[e]vidence which is not relevant is not admissible." For evidence to be relevant, it is not required that the evidence prove the entire case; rather, all *569 that is required is that it have any tendency to make any fact that is of consequence to the determination of the action more or less probable. Id. at 15, 478 S.W.3d at 265.
Here, the entry of the order of appointment does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Charles argues that the entry of the order motivated law enforcement to arrest him, but what prompted Charles's arrest has nothing to do with the issue at hand-whether he raped AF. Therefore, we hold that the circuit court did not abuse its discretion in excluding the order of appointment.
Affirmed.
Whiteaker and Murphy, JJ., agree.