Cite as 2020 Ark. App. 526

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-91

| | |
|---|---|
| JOHN FORD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 18, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-17-361]<br><br>HONORABLE MARCIA HEARNSBERGER, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Judge**

John Ford appeals his conviction by a Garland County Circuit Court jury of one count of second-degree sexual assault. On appeal he challenges the sufficiency of the evidence. We affirm Ford's conviction.

Sometime in late 2016, Ford began renting a room from Angela Rook. Ford was sixty years old at the time. There was evidence introduced at a jury trial that while he was living with Rook and her family, Ford sexually assaulted Rook's twelve-year-old daughter, T.M., on three different occasions. First, while ostensibly helping T.M. with her iPad, Ford rubbed T.M.'s back under her shirt, slid his hand into the back of her shorts, and put his hand between her legs and on her inner thigh. During this incident, T.M.'s brother saw Ford place his hand on her upper thigh "a little too close to her private part." Second, Ford, under the guise of having T.M. try on a North Face vest, called her into his room, put the vest on her instead of allowing her to put it on herself, and slipped his hand onto her breast and squeezed it. Third,

Ford came up behind T.M. and squeezed her buttocks while she looked for a drink in the refrigerator.

T.M. did not initially disclose Ford's actions to her family. She later told her friend H.H. about his actions; H.H. then shared T.M.'s disclosures with H.H.'s mother, Sara Wiggins. Wiggins notified the police, who conducted a welfare check, and she contacted Rook. Wiggins also talked to the counselor at the girls' school the next day. After learning about the allegations, Rook told Ford that he "needed to leave immediately."

Investigators interviewed Ford on 2 March 2017. During the interview, Ford denied the allegations and denied that he had done anything "sexually or with any sexual intent." He denied the incident with the iPad entirely; he confirmed that he put the vest on T.M. and "may have touched her breast"; and he claimed that he hugged T.M. at the refrigerator with one arm and touched her thigh. His testimony at trial was substantially similar to the statement he gave to investigators. The jury convicted Ford of one count of second-degree sexual assault, and he was sentenced to five years' probation. This timely appeal followed.

On appeal, in reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *King v. State*, 2018 Ark. App. 572, 564 S.W.3d 563. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact, in this case the jury. *E.g., Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. Additionally, the jury is not required to

set aside common sense and need not view each fact in isolation but may consider the evidence as a whole. *E.g., Neal v. State*, 2016 Ark. App. 384, 499 S.W.3d 254.

A person commits sexual assault in the second degree if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years old and not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3) (Repl. 2013). "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10). "Sexual gratification" is not defined in the statute, but our supreme court has construed the words in accordance with their reasonable and commonly accepted meanings. *Farmer v. State*, 341 Ark. 220, 15 S.W.3d 674 (2000). It is not necessary for the State to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991). Sexual gratification is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. *Farmer, supra*.

Ford argues, as he did below in his motion for directed verdict, that the State failed to present sufficient evidence that his conduct was for the purpose of sexual gratification. He asserts that a mere allegation of inappropriate contact is insufficient and that the jury was forced to engage in speculation and conjecture to find that he acted for purposes of sexual gratification. He also implies that to prove sexual gratification, there must be proof that the offender touched the sexual organs of the victim.

T.M. testified to acts that constitute second-degree sexual assault, and while Ford contests that testimony, the jury was free to believe all or part of the victim's testimony and was not required to accept the self-serving testimony of the defendant. *Europe v. State*, 2015 Ark.

3

App. 460, 468 S.W.3d 792.  Moreover, in a prosecution for second-degree sexual assault, the victim's uncorroborated testimony constitutes substantial evidence to affirm the conviction.  *Id*.

As to Ford's argument that there must be proof of direct contact with the victim's sexual organs before sexual gratification can be presumed, this court has previously rejected a similar argument.  In *Chawangkul v. State*, 2016 Ark. App. 599, at 7, 509 S.W.3d 10, 14, we noted that "[a]ppellant appears to believe that the assumption is permissible only under the most egregious circumstances and where an act is 'indisputably intentional and the purpose is obvious,'" but under Arkansas law, the desire for sexual gratification need only be "a plausible reason" for the act in order for this court to sustain the conviction.  Here, it is plausible that the desire for sexual gratification was a reason for Ford's repeated sexual contact with a twelve-year-old girl.  Or so the jury could have reasonably found under the law and the facts presented.  We therefore affirm Ford's conviction.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen.; and *Caleb Ward*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.