Cite as 2023 Ark. App. 146

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-22-489

| | |
|---|---|
| KEONNI MOEHGENIT CONWAY<br>APPELLANT | Opinion Delivered March 15, 2023 |
| | APPEAL FROM THE<br>FAULKNER COUNTY CIRCUIT<br>COURT<br>[NO. 23CR-18-1593] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES E.<br>CLAWSON III, JUDGE |
| | AFFIRMED; REMANDED TO<br>CORRECT SENTENCING ORDER |

## BRANDON J. HARRISON, Chief Judge

Keonni Conway appeals his conviction by a Faulkner County jury for second–degree sexual assault. The only issue is the sufficiency of evidence that his forcible sexual contact with the victim on 10 April 2018 was for sexual gratification. Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2021). We discussed the controlling law in *Ford v. State*:

> "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10). "Sexual gratification" is not defined in the statute, but our supreme court has construed the words in accordance with their reasonable and commonly accepted meanings. It is not necessary for the State to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. Sexual gratification is rarely capable of proof by direct evidence and must usually be inferred from the circumstances.

2020 Ark. App. 526, at 2–3 (citations omitted). We also discussed the standard of appellate review, including the keystone principle that "[w]eighing the evidence, reconciling conflicts

in the testimony, and assessing credibility are all matters exclusively for the trier of fact," the jury. *Id.* at 2. The following facts were presented at trial.

Conway played basketball at the park with Eddie White, the minor victim's brother. On 10 April 2018, he came back to Eddie's house after a game. Kobe Oates, a friend of Eddie's who had played with them, came too. Eddie's mother Needa, his minor brother, and the minor victim were home. Needa was in her truck outside talking on the phone. Kobe and the minor brother were hanging out in the living room.

The minor victim, then fourteen years old, was folding clothes in her room. She testified that when Conway and Eddie came in from playing basketball, Conway kept asking to hang back and stay in her room. Eddie told him no. At first, Conway went with Eddie. Then Eddie got in the shower. According to the victim, Conway waited "a good 5 minutes," long enough to know Eddie was settled there, before coming back. Conway started trying to talk to her, and she told him to get out. "[T]hat's when he started touching on me," she testified. She started fighting back, but Conway fought back too, choking her and trying to force her shorts down. Conway touched her breasts and vagina through her clothing. He pulled out his penis and told her to perform a sex act, which she refused. He started rubbing it against her with her shorts on. This went on, as she resisted, for "10 or 15 minutes until help came."

Help came from Kobe. From the living room, he heard the victim saying, "Stop, move, stop, move." When he entered the victim's room, he saw that Conway "was behind her, like in a hugging position," with his arms around her waist. Kobe asked, "What the fu★★ is going on?" Conway looked "like he was in shock," and, to Kobe, like "he thought

2

nobody was going to come back there." The victim looked scared and shaken up. She was crying. As Kobe left to get Needa, Conway told the victim not to say anything. She told her mother only bits and pieces at first because she was scared. She told a school counselor everything the next morning, and the investigation began.

At trial, Conway gave a different account of those events, and denied any sexual contact with the victim. But the jury was not required to believe him. *E.g.*, *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. Indeed, a victim's testimony alone is substantial evidence to support a conviction for second-degree sexual assault when the testimony adequately specifies the prohibited sexual acts. *McCormick v. State*, 2022 Ark. App. 259. We have no difficulty concluding that substantial evidence supports the jury's finding that Conway made forcible sexual contact with the victim for sexual gratification. His conviction is therefore affirmed.

However, we remand to correct an issue in the sentencing order. The jury was charged with determining whether Conway engaged in sexual contact with the victim by forcible compulsion, Ark. Code Ann. § 5-14-125(a)(1). The sentencing order cites section 125(a)(6). It should be corrected on remand to cite section 125(a)(1). *Humphry v. State*, 2023 Ark. 16, ___ S.W.3d ___.

Affirmed; remanded to correct sentencing order.

BARRETT and MURPHY, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.